**AMERICAN NEWSPAPER PUBLISHERS
ASS'N v. NATIONAL LABOR RE-
LATIONS BOARD.**

No. 10329.

United States Court of Appeals
Seventh Circuit.

June 7, 1951.

Elisha Hanson, Arthur B. Hanson, Washington, D. C., for petitioner.

A. Norman Somers, Asst. General Counsel, National Labor Relations Board, Henry Kaiser, Gerhard P. Van Arkel and Eugene Gressman, all of Washington, D. C., Clarence R. Martin, Indianapolis, Ind., for respondents.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

Petitioner, representing some 700 newspaper publishers in the United States, filed charges with the National Labor Relations Board (hereinafter called "Board") that the International Typographical Union and certain of its locals and officers (hereinafter called "ITU") had engaged and were engaging in unfair labor practices prohibited by the National Labor Relations Act, 49 Stat. 449, 29 U.S.C.A. § 151, et seq.,[1] (hereinafter called the "Act"). On November 21, 1947, the general counsel of the Board issued his complaint alleging that ITU had violated Secs. 8(b) (1) (A), 8(b) (1) (B), 8(b) (2), and 8(b) (6) of the Act. After extended hearings the trial examiner on August 8, 1948, issued his intermediate report, among other things finding violations of Secs. 8(b) (2), 8(b) (1) (A), and 8(b) (1) (B). More than 14 months later, on October 28, 1949, the Board issued its decision and order and served same on respondents.

The Board found that certain conduct of ITU and its officers violated Secs. 8(b) (2) and 8(b) (1) (B) of the Act. The Board also decided that the Act did not prohibit certain practices of which complaint was made, and declined to decide certain additional issues which had been raised by the complaint. It also decided it need not consider evidence in support of the complaint relating to events occurring after March 27, 1948, the date of the issuance of a temporary injunction by the United States District Court for the Southern District of Indiana. The Board specifically held that ITU had not violated Sec. 8(b) (6) of the Act.

The Board issued an order requiring ITU and its officers to cease and desist from violating Secs. 8(b) (2) and 8(b) (1) (B) of the Act and to post certain notices.

1. As amended by Labor Management Relations Act of 1947, 61 Stat. 136, 29 U.S.C.A. § 141 et seq.

The order dismissed the complaint in so far as it alleged violations of Secs. 8(b) (1) (A) and 8(b) (6) of the Act.

The Board did not petition for enforcement of its order for some 15 months.

On January 25, 1951, petitioner filed with this court a "petition to review and modify an order of the National Labor Relations Board." The petition sought different treatment for various parts of the Board's order. First, it asked enforcement of the order requiring that ITU cease and desist from violation of Secs. 8(b) (2) and 8(b) (1) (B) of the Act, and to post certain designated notices. Second, it sought to delete from the order that portion which dismissed the allegations of the complaint that ITU had violated Sec. 8(b) (6) of the Act, and to add a provision that ITU had violated said section, and an order for ITU to cease and desist from violating said section, and that this court order enforcement of the order as thus modified. Third, it asked that this court determine the Board erred in failing to state findings of fact as to whether ITU had committed certain acts charged in the complaint and whether such acts were labor practices prohibited by Sec. 8(b) (1) (A) of the Act, in which case the petition requested that the cause be remanded to the Board to make such findings and determination. The petition for review also named ITU as respondent.

On January 29, 1951, the Board filed with this court a petition for an enforcement of its order,[2] and also a similar petition in the case of National Labor Relations Board v. Chicago Typographical Union No. 16 and International Typographical Union.[3]

The matter presently before us for consideration is presented by two motions filed by the Board and ITU respectively. The Board moves that Paragraph 3 of the prayer of said petition to review and modify be stricken in its entirety on two grounds: (1) that in so far as Paragraph 3 and Appendix A pray this court to enter a decree in the terms of the Board's order, petitioner is not a person aggrieved within the meaning of Sec. 10(f) of the Act; and (2) that in so far as Paragraph 3 and Appendix A pray that this court enter a decree providing a remedy for violations of the Act, the allegations with respect to which the Board has ordered dismissed, the limit of the court's reviewing power is to pass upon the validity of such dismissal.

As to the first ground, Sec. 10(f) of the Act states that "Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order * * *." As the Board has now petitioned this court for the enforcement of its order, it cannot be said that petitioner is aggrieved as to that part of the order which is favorable to its contentions. Furthermore, it is unimportant to petitioner whether this court enters part of its order pursuant to the petition filed by the Board or in response to petition which it filed herein. The Board's motion to strike that part of the prayer of the petition asking enforcement of the part of the Board's order favorable to petitioner is granted.

As to the second ground, the prayer in the petition asks this court to enter a decree enjoining ITU from violations of Sec. 8(b) (6). Petitioner asks this court not only to decide that the Board was in error in dismissing the complaint in so far as it alleged violation of Sec. 8(b) (6), but asks that the decree of this court provide a remedy for the alleged violation of this section.

Petitioner insists it is only asking this court to proceed within the limits of Sec. 10(f) of the Act,[4] that is, to modify the order of the Board and then to enforce the order as so modified. Petitioner also urges that this court may proceed under the Administrative Procedure Act, 5 U.S.C.A. 1009(e), which authorizes a reviewing

2. Cause No. 10331 pending in this court.

3. Cause No. 10332 pending in this court.

4. " * * * the court shall proceed in the same manner as in the case of an application by the Board under subsection (e), and shall have the same exclusive jurisdiction * * * to make and enter a decree * * * modifying, and enforcing as so modified * * * the order of the Board; * * *."

court to "compel agency action unlawfully withheld or unreasonably delayed."

■ The Board's delay of 15 months in seeking to enforce its order might, under certain circumstances and conditions, be considered unreasonable, but we need not pass on that point as we think the question is moot. Furthermore the denial of relief sought by the petitioner or prayed for in the complaint filed by the general counsel of the Board cannot in our opinion be considered "agency action unlawfully withheld." Nor need we consider at this time that part of the petition to review and modify which seeks a remand to the Board to make certain findings and determinations, as the Board concedes that if this court should determine when this case is presented on the merits that the Board was in error as a matter of law, remanding is the proper procedure. In fact the Board insists that upon a finding of error, the only power this court has is to order a remand, and that it lacks the power to fashion any remedy.

■ In Amalgamated Utility Workers (C.I.O.) v. Consolidated Edison Co. of New York, 309 U.S. 261, 266, 60 S.Ct. 561, 564, 84 L.Ed. 738, in referring to Sec. 10(f) of the Act, the court said: " * * * But that opportunity is given to a person aggrieved by a final order of the Board * * *. That is, it is an opportunity afforded to *contest* a final order of the Board, not to *enforce* it. * * *"

In National Licorice Co. v. National Labor Relations Board, 309 U.S. 350, 365, 60 S.Ct. 569, 578, 84 L.Ed. 799, the court stated: " * * * Section 10(a) and (c) of the Act commits to the Board the exclusive power to decide whether unfair labor practices have been committed and to determine the action the employer must take to remove or avoid the consequences of his unfair labor practice."

Petitioner urges that if this court determines that as a matter of law there was a violation of Sec. 8(b) (6) of the Act, a cease and desist order is the appropriate remedy, and that this court should frame such an order. However, it is not quite as simple as petitioner indicates. Granted

that the Board has often or has customarily issued cease and desist orders to put an end to unfair labor practices, yet the scope of such orders and the conditions in the notices to be posted vary greatly. An order may be phrased in broad or narrow terms. The statute commits to the Board in the first instance the manner in which the remedy should be fashioned.

In Federal Trade Commission v. A. P. W. Paper Co., Inc., 328 U.S. 193, 203–204, 66 S.Ct. 932, 937, 90 L.Ed. 1165, the court said: " * * * The fashioning of the remedy is a matter entrusted to the Commission, which has wide latitude for judgment. * * *"

In Jacob Siegel Co. v. Federal Trade Commission, 327 U.S. 608, 612, 66 S.Ct. 758, 760, 90 L.Ed. 888, the court said: " * * * The Commission is the expert body to determine what remedy is necessary to eliminate the unfair or deceptive trade practices which have been disclosed. * * *"

Concededly the A. P. W. Paper Co. and Siegel Co. cases involve the Federal Trade Commission Act, 52 Stat. 111, 15 U.S.C.A. § 45, but the court in the Siegel Co. case said 327 U.S. at pages 611–612, 66 S.Ct. at page 760: " * * * Here, as in the case of orders of other administrative agencies under comparable statutes, judicial review is limited," citing, among others, four cases involving the National Labor Relations Act.

■ It is our opinion that if we conclude after a hearing upon the merits that the Board has improperly applied the law and as a result issued no remedial orders, we should not attempt to fashion the remedy, but should remand the case to the Board with proper instructions to do so within the frame work of the indicated principles of law. It follows that the motion of the Board to strike part of Paragraph 3 and Appendix A should be granted in so far as they pray for a decree providing a remedy for violations of the Act, the allegations with respect to which the Board has ordered dismissed.

■ The last part of the Board's motion is to strike from the caption of the

petition the words, "and International Typographical Union, and Its Agents Woodruff Randolph, Larry Taylor, Elmer Brown, and Don Hurd." The Board contends that the union and the individuals named are not proper respondents to a petition to review an order of the Board, since petitioner has no standing to request a decree against ITU or its agents, and that the court has no power to issue a decree against them, except upon petition of the Board to enforce an order of the Board against them.

Petitioner urges that if we strike ITU and its agents as respondents and later determine that their reproduction practices violated Sec. 8(b) (6) of the Act, this court could not order the cease and desist order to be enforced against them as they would no longer be parties to the proceeding.

We have heretofore indicated that if we find as a matter of law that certain practices of ITU were a violation of Sec. 8(b) (6) of the Act, we would remand so that initially the Board would frame the cease and desist order or other appropriate remedy. Furthermore, ITU and its agents have filed an alternative motion for leave to intervene herein. We think it will keep the record straight to grant the motion of the Board to strike the name of ITU and its agents from the caption, and to grant the motion of ITU and its agents to intervene. Albrecht v. National Labor Relations Board, 7 Cir., 181 F.2d 652.

There remains for consideration the motion of ITU. In so far as this motion coincides with that part of the Board's motion which we granted, it will likewise be granted. But ITU's motion goes further. It seeks to strike Paragraphs 3, 4, 5, and 6 of the petitioner's Statement of Points, Paragraphs 4 and 5 of its prayer, and various other parts of the petition. It would unduly prolong this opinion to discuss in detail this part of ITU's motion. It is clear that portions thereof should not be decided prior to the time the entire record is before us. Furthermore, we do not desire to inaugurate a practice whereby petitions for review of the action of administrative agencies will be met by motions to strike. Possibly the party moving to strike might perceive some advantage in obtaining a preview of this court's views on some of the questions in issue. However, we think this procedure inadvisable, except in unusual situations. Therefore, that part of ITU's motion which does not coincide with the motion of the Board heretofore granted will be denied, without prejudice to again urge such contentions when the cause is before us on the merits.

Let an order be entered accordingly.